# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION, ) <br> SUCCESSOR TO RBC BANK (USA), ) <br> SUCCESSOR TO RBC CENTURA BANK, ) <br> SUCCESSOR TO REGIONS BANK ) <br> DOING BUSINESS AS AMSOUTH BANK ) <br>     Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CLASSIC CRAB, INC. and ) <br> DARYL B. BRYANT A/K/A ) <br> DARYL BOYD BRYANT ) <br>     Defendants. ) | CIVIL ACTION 15-00459-KD-C |

**ORDER**

This matter is before the Court on Plaintiff's Supplemental Motion in Support of Attorney's Fees. (Doc. 27). On April 18, 2016, the Court granted Plaintiff's motion for default judgment on its claim for breach of promissory note brought against Classic Crab but permitted Plaintiff leave to supplement its request for attorney's fees. (Doc. 26).[1] As detailed in its supplemental motion, Plaintiff has adjusted its request by eliminating any claims for billing associated with the individual defendant in this matter. The fees claimed now pertain only to Defendant Classic Crab. The Court has reviewed the supplemental request and has determined that the number of hours expended in this matter are reasonable.[2] Accordingly, the supplemental

---

[1] This Order (Doc. 26) is incorporated by reference.

[2] The Court previously determined reasonable hourly rates for attorneys and paralegals. (Doc. 26). The calculation of reasonable attorney's fees is within the sound discretion of the court. *Dowdell v. City of Apopka, Fla.,* 698 F.2d 1181, 1187 (11th Cir.1983); *Kiker v. Probate Court of Mobile Cty.,* 67 So.3d 865, 867 (Ala. 2010). In assessing the reasonableness of attorney's fee requests, courts generally apply the "lodestar" method to obtain an objective estimate of the value of an attorney's services. *Norman v. Housing Auth. of City of Montgomery,* 836 F.2d 1292, 1299 (11th Cir.1988); *Dillard v. City of Greensboro,* 213 F.3d 1347, 1353 (11th Cir.2000) (explaining that the lodestar "is the number of hours (tempered by billing judgment) spent in the legal work on the case, multiplied by a reasonable market rate in the local area"). The value of an attorney's services is calculated by multiplying the hours that the attorney reasonably worked by a reasonable rate of pay, defined as "the prevailing market rate in the legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Blum v. Stenson,* 465 U.S. 886, 895–896 n. 11 (1984). The party moving for fees bears the burden of establishing the

motion is **GRANTED**. Plaintiff is awarded a judgment in its favor against the Defendant Classic Crab, Inc. in the total amount of $230,263.24, which is comprised of damages claimed by the Plaintiff on Count I (breach of promissory note) consisting of principal in the amount of $199,755.83, accrued interest in the amount of $17,215.23, accrued to March 16, 2016, late charges in the amount of $1,390.08, and attorney's fees in the amount of $11,902.10.

A Judgment pursuant to Federal Rule of Civil Procedure 54(b) will issue by separate document.

**DONE** and **ORDERED** this **6**[th] day of **June 2016.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

"reasonableness" of the hourly rate and number of hours expended via specific evidence supporting the hours and rates claimed. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *American Civil Liberties Union of Ga. v. Barnes,* 168 F.3d 423, 427 (11th Cir. 1999). The court may utilize its own "knowledge and expertise" to come to an independent judgment regarding the reasonableness of requested attorney's fees. *Loranger v. Stierheim,* 10 F.3d 776, 781 (11th Cir. 1994).